FILED

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

_Tampa_ Division

### CIVIL RIGHTS COMPLAINT FORM

RONALD BAKER,
05033806

CASE NUMBER: _8:06-CV-01108-T-17MAP_
(To be supplied by Clerk's Office)

(Enter full name of each Plaintiff and prison
number, if applicable)

v.

BRIAN FELTS #2-D# 42131,
TAMPA POLICE OFFICER
DISTRICT #1
TAMPA Police Dept.

(Enter full name of each Defendant. If
additional space is required, use the blank
area directly to the right).

### ANSWER ALL OF THE FOLLOWING QUESTIONS:

I.   PLACE OF PRESENT CONFINEMENT: _Hillsborough County_
     (Indicate the name and location)
     _520 Folkenburg Road Jail Tampa FL 33619_

II.  DOES YOUR COMPLAINT CONCERN EVENTS IN A STATE PRISON FACILITY WITHIN
     THE FLORIDA DEPARTMENT OF CORRECTIONS? Yes ( ) No (✓)

     [If your answer is YES, after reviewing the exhaustion requirements, answer the following
     questions]

DC 225 (Rev. 9/03)                                    1

<u>EXHAUSTION OF ADMINISTRATIVE REMEDIES</u>: Pursuant to the Prison Litigation Reform Act or 1995, Title VIII, Section 803 Amendments to Civil Rights of Institutionalized Persons Act, exhaustion of administrative remedies is required in any action brought with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility. Any required grievances, appeals, and responses must be submitted to the Court to verify exhaustion. (If your Complaint concerns conditions at state prison facilities, you must answer the following questions in Section II of this form. If the Complaint concerns conditions at a county jail or local correctional facility, you must complete Section III of this form.)

<u>EXHAUSTION STEPS ORDINARILY REQUIRED FOR COMPLAINTS ABOUT CONDITIONS AT STATE PRISON FACILITIES</u>:

<u>General Grievance</u>

    1.  Informal Grievance (Form DC3-005)
    2.  Formal Grievance (Form DC1-303)
    3.  Appeal to the Office of Secretary (Form DC1-303)

<u>Other Grievance</u>

Inmates are not required to utilize the informal Grievance process in the case of an emergency grievance, a grievance of reprisal, a grievance of a sensitive nature, a grievance alleging violation of the Americans with Disabilities Act, a medical grievance, a grievance involving admissible reading material, a grievance involving gain time governed by rule 33-11.0065 Incentive Gain Time, or a grievance involving disciplinary action (does not include corrective consultations) governed by chapter 33-22. The grievance steps are set forth in Fla. Admin. Code Chapter 33-29.

<u>Questions</u>:

A.    <u>Emergency Grievance, Grievance of Reprisal, or Grievance of a Sensitive Nature, Grievance Alleging Violation of the American with Disabilities Act, Medical Grievance, Grievance, Grievance Involving Admissible Reading Material, Grievance Involving Gain Time Governed by Rule 33-11.0065 Incentive Gain Time, or Grievance Involving Disciplinary Action Governed by Chapter 33-22</u> (Request for Administrative Remedy or Appeal, bypassing the informal grievance step).

    1.  Did you submit an above-mentioned grievance to the Superintendent and/or to the office of Secretary (Form DC1-303)? Yes ( ) No ( )

    2.  If so, you must attach a copy of the grievance and response to this Complaint form.

    3.  Were you denied emergency status? Yes ( ) No ( )

        a.  If so, did you go through the informal grievance, formal grievance and appeal process? Yes ( ) No ( )

        b.  If so, you must attach copies of the grievance/appeals and responses to this Complaint form.

B.    <u>Informal Grievance</u> (Request for Interview)

1.  Did you submit an informal grievance (Form DC3-005)? Yes ( ) No ( )

2.  If so, you must attach a copy of the grievance and response to this Complaint form.

C.  <u>Formal Grievance</u> (Request for Administrative Remedy or Appeal)

1.  Did you have a disciplinary hearing concerning this matter? Yes ( ) No ( )

2.  If so, you must attach a copy of the disciplinary report and disciplinary committee's findings and decision to this Complaint form.

3.  Did you submit a formal grievance (Form DC1-303)? Yes ( ) No ( )

4.  If so, you must attach a copy of the grievance and response to this Complaint form.

D.  <u>Appeal to the Office of the Secretary</u> (Request for Administrative Remedy or Appeal)

1.  Did you submit an appeal to the Office of the Secretary (Form DC1-303)? Yes ( ) No ( )

2.  If so, you must attach a copy of the appeal and response to this Complaint form.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.

Signed this _____ day of _____, 2 _____.


_____
Signature of Plaintiff

III.    **DOES YOUR COMPLAINT CONCERN EVENTS IN A COUNTY JAIL OR LOCAL FACILITY?** Yes ( ) No (✓)

If your answer is YES, answer the following questions.

A.  Is there a grievance procedure at your institution or jail? Yes ( ) No ( )

B.  Did you present the facts relating to your Complaint in the grievance procedure? Yes ( ) No ( )

C.  If your answer is YES:

1.  What steps did you take? _____

_____

2.  What were the results? _____

_____

3.  To demonstrate exhaustion, you must submit copies of all relevant grievances/appeals and responses.

D.  If your answer is NO, explain why not: _____

_____


I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.

Signed this _____ day of _____, 2 _____.


_____

Signature of Plaintiff

IV.   PREVIOUS LAWSUITS:

A.   Have you initiated other lawsuits in <u>state court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes ( ) No (✓)

B.   Have you initiated other lawsuits in <u>federal court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes ( ) No (✓)

C.   If your answer to either A or B is YES, describe each lawsuit in the space provided below.  If there is more than one lawsuit, describe all additional lawsuits on a separate piece of paper, using the same format as below.

1.   Parties to previous lawsuit:

Plaintiff(s): _____

_____

Defendant(s): _____

_____

2.   Court (if federal court, name the district; if state court, name the county):

_____

3.   Docket Number: _____

4.   Name of judge: _____

5.   Briefly describe the facts and basis of the lawsuit: _____

_____

_____

6.   Disposition (Was the case dismissed?  Was it appealed?  Is it still pending?):

_____

_____

7.   Approximate filing date: _____

8.   Approximate disposition date: _____

D.   Have you initiated lawsuits or appeals from lawsuits in federal court that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted?  If so, identify theses suits below by providing the case number, the style,

DC 225 (Rev. 9/03)

and the disposition of each case:

_____

_____

_____

_____

V.    PARTIES:  In part A of this section, indicate your <u>full name</u> in the first blank and your full mailing address in the second blank. Do the same for each additional Plaintiff named in the Complaint (if any) in part B of this section:

A.   Name of Plaintiff: *RONALD BAKER, RK# 05033305.*  N62

Mailing address: *520 FOLKENBURG RD JAIL*
*TAMPA FLORIDA 33689*

B.   Additional Plaintiffs: _____

_____

_____

In part C of this section, indicate the **full name** of the first named Defendant. Also, fill in his or her mailing address, position, and where he or she is employed. For any additional Defendants, use parts D through G of this section for the names, addresses, positions and places of employment:

C.   Defendant: *BRIAN FELTS, I.D.# 43131*

Mailing Address: *Tampa Police Department one Police*
*center 411 Franklin street, Tampa FL 33602*

Position: *Police OFFICER., DIST. & squad 201/120*

Employed at: *TAMPA POLICE DEPARTMENT*

D.   Defendant: _____

Mailing Address: _____

_____

Position: _____

Employed at: _____

E. Defendant: _____

   Mailing Address: _____

   _____

   Position: _____

   Employed at: _____

F. Defendant: _____

   Mailing Address: _____

   _____

   Position: _____

   Employed at: _____

G. Defendant: _____

   Mailing Address: _____

   _____

   Position: _____

   Employed at: _____

DC 225 (Rev. 9/03)

7

VI.    **STATEMENT OF CLAIM**: State what rights under the Constitution, laws, or treaties of the United States have been violated, and be specific.  If you intend to allege a number of related claims, set forth each claim in a separate paragraph.  Any claim that is not related to the same basic incident or issue must be addressed in a separate Civil Rights Form.

Plaintiff asserts that his FOURTH AMENDMENT Rights under The UNITED STATES CONSTITUT- ION was violated, FIFTH, AND FOURTEENTH AMENDMENT RIGHTS TO DUE Proc- ess OF LAW, EQUAL PROTECTION OF THE LAW, And Florida constitution

VII.    **STATEMENT OF FACTS**: State as briefly as possible the FACTS of your case. Describe how each defendant was involved. **Do not make any legal arguments or cite any cases or statutes.** State with as much specificity as possible the facts in the following manner:

1.    Name and position of person(s) involved.
2.    Date(s).
3.    Place(s).
4.    Fact(s) or event(s) giving rise to your claim, including involvement of each defendant.
5.    Nature and extent of injury (*i.e.*, physical injury or how you were harmed by the acts of the defendant(s)).

On June 9, 2004, Plaintiff was arrested at The circle (K) Parking Lot at The gas Pump, while finished pumping gas, then went to Re-enter his chevy S-10 Red Pick up TRUCK where your officer Brion felts, and his colleagues blocked Plaintiffs TRUCK. by stopping in Front of The TRUCK. with a VAN, Then with an additional vehicle Parked-

**Statement of Facts, continued:**

in the back OF The chevy. S-10 Bumper,
Facing south, Then faceing south coming
From The North of circle ⓚ parking Lot
additional vehicle pulled right hans side
of The passengers side of The s-10 pick
up Truck, on The west side. Then To
The eastside of s-10 pick up, east OF
Gas pumps, additional SUV pulled in
at The eastside of The pumps, as The
Plaintiff went to enter his Truck, all
Police and colleagues Jumped out of
Their vehicles and pulled Plaintiff from
his pick up, and Forced him to the
Ground. When There was no indication
Of criminal activity a fact. at The
Time at 1:45 am June 8, 2004, THe
Plaintiff was The only Individual
customer in The entire ⓚ parking lot.
Thus, police officers and maitelds,
Pulled him from his vehicle and Forced
Plaintiff to The cement. Police. Immediately
went in To Pockets of Plaintiffs
without any sells nor was There

see: continuation of
Desc#9, attached....

Any Deliveries as written in The
Original Police Report as alleged
by Officer Brian Fetts; nor was
there a warrant giving Inf. Fetts
probable cause To Search Plaintiffs
person, nor his Chevy S-10 pick up.
But Defendant Brian Fett, and his
colleagues illegally searched Plaintiffs
chevy S-10 pick up Truck, whereupon
colleagues discovered The Deeds to
Plaintiffs home Located at The
Time at 4610 Ballast POINT Blvd
Tampa FLa. 33616. Also Defendant
and colleagues found also a copy of
Plaintiffs Rental Public Storages
receipt, Reflecting Plaintiff had
Just Payed rent For both Storages,
which Lead Defendant To write in
Police Affidavit with False mis-
leading, and Reckless disregards,
For The Truth alleging That he
recieved Information from a Reliable
C.S. — That Plaintiff had bought
Stolen property from A Randy Cupend,
That was being Kept IN Plaintiffs
Public Storages. Whereupon, Defendant
went to The Judge and had Judge

cont, of 9-A

ISSUE, And Signed a warrant for
The Defendant, and For colleagues
To Execute a warrant at south
Dalecmbry, for Plaintiffs Two 10 X 20
Rented public Storages June 9, 2004
June 10, 2004, Further officer Fetts,
had News Channels to film
all of Plaintiffs property, and
Televised all of Plaintiffs proper-
ty, Stateing That all was stolen,
property through Drug proceeds,
on Channel 8, 10, 13, 28, 44, 9, and
Good morning America. which Plaint-
iff Recieved a (L.O.R.) Letter of
Release Reflecting State Dismissed
The Grand Theft, because nothing was
found Stolen in Plaintiffs storages.
But police removed a wide list of
Plaintiffs property from Storages,
And gave some to The alleged C.S.
which C.S. Biological Dad and Grand-
mother Returned some of Plaintiffs
collections of BaseBall cards that
Defendant Gave to C.I., belonging to Plain-
tiff and also a NOTARIZED Box Signed
by C.I.'s Grandmom and Biological Dad,
Stateing Defendant Gave The cards -
cont. OF 9-B

To The Alleged C.I., when Plaintiff's case was dismissed. see attached cypies of Letter of Release Reflecting Date case was Dismissed, case number. Further on December 2, 2005, in case number 04-011264, The Honorable Judge Hiendrich Granted Plaintiff Motion For Return of Property, which Plaintiff Attorney mr. angelo Ferlita, esquire, has a copy of The order at 610 W. Azeel Street Tampa, Fla, 33606-2273, (813) 251-8079, Reflecting signatures inside The box, Notarized Reflecting that defendant gave cards to James williamperches C.S. that was alleged to be a reliable source. see attached Notarized Statements, from officer Brian felts, C.S. Reflecting Defendant did falsify police report, and warrants with false and reckless disregards for the truth, and illegally seized Plaintiffs Life long collection, and Tools, with airless paint sprayers, and pressure washers, and engine motors to builded pressure washers, and over eleven - Scuba Tanks, wet suits for diving, masks, Fins, and Snirkles, Regulators, spearguns, wait Belts,

9-C

That Plaintiff had also kept in storage, a
multiple - variety of base ball cards,
and Race car Driver cards, soccer cards,
with original autographs, of old Actors,
and famous pornagraphy, with original
autographs, with multiple comic Books,
That were being collected since Plaintiff
was Thirteen years old, that was
removed from Plaintiffs' 10 x 20ᵈ Public
Storages and more. Further from
officer felts, false statements written
in his Police Report written June 9,
2004, at 1:45 ᴬᴹ at The Circle (K)
Store shows that he was acting in
violations of Plaintiffs Fourth and four-
eenth Amendment Rights to The
Florida and U.S. Constitution with-
knowingly false information with Reck-
less disregard for the truth.

9-U

**VIII.**   <u>RELIEF REQUESTED</u>:  State briefly what you want the Court to do for you. Again, do not make any legal arguments or cite any cases or statutes.

Plaintiff seeks lost time wages, and compensation for — where Defendant allowed Plaintiff(s) Business to be falsely slanderd on a Tion wide T.V., also To Issue an Injunction to defendant and colleagues To Stay away from Plaintiff, and minetary Damages in The sums of $200,000.00, because of lost of time; or whatever this court Deems Just.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

Signed this ____9th____ day of ____JUNE____, 2 _006_.

Ronald Baker

520 FolKEburg Rd

Tampa, FL 33619

BK# 05033805, D-6.22.
(Signatures of all Plaintiffs) pro se.

CASE # 04-10968

AGENCY REPORT # 04-303362    AGENCY NAME TAMPA POLICE    769445

State facts to establish probable cause that a crime was commited by the defendant or that the child is dependant.

On the listed date/time the defendant delivered $20 worth of HYDROPONICALLY GROWN MARIJUANA TO A CONFIDENTIAL INFORMANT OF THE TAMPA POLICE DEPARTMENT. THE DEFENDANT IS KNOWN TO THE AFFIANT AND I RECOGNIZE HIM ON SIGHT. I DID OBSERVE THE DEFENDANT ARRIVE IN THE VEHICLE DESCRIBED TO ME BY THE CONFIDENTIAL INFORMANT. THE DEFENDANT WAS TAKEN INTO CUSTODY AS HE SOUGHT THE CONFIDENTIAL INFORMANT. A SEARCH INCIDENT TO HIS ARREST YIELDED 40 (FORTY) OXICOTIN (SCHEDULE II) PILLS IN THE DEFENDANTS RIGHT FRONT CHANGE POCKET. THE ALPRAZOLM (SCHEDULE II) PILLS WERE RECOVERED IN THE DEFENDANTS LEFT FRONT POCKET. A SEARCH OF THE DEFENDANTS VEHICLE , OF WHICH HE WAS THE OWNER AND SOLE OCCUPANT, YEILDED (CONTINUED)

Judgement requested against defendant for agency investigative cost per Florida Statute 938.27: $ ___ 130°°___

OFFICER _____

I.D. # _____    Dist. & Squad _____
(Please Print The Above Information)

SWORN TO AND SUBSCRIBED BEFORE ME THIS

_09_ DAY OF __JUN__, 20 _04_

_____ #318873

NAME/Title of Person Authorized to Administer Oath.    LEO

POLICE REPORT WRITTEN: Yes ☑ No ☐

OFFICER __B. FELTS__    I.D. # _43131_    Dist. & Squad _D1_ /_120_

I SWEAR THAT THE ABOVE STATEMENTS ARE CORRECT TO THE BEST OF MY KNOWLEDGE. FOR NOTICES TO APPEAR, I ALSO CERTIFY THAT A COMPLETE LIST OF WITNESSES AND EVIDENCE KNOWN TO ME IS ATTACHED.

AFFIANT, Signature _____

AFFIANT, Print/Type Name __B.L FELTS__

NOTE: The WHITE COPY of VICTIM'S / WITNESSES goes to the Clerk's Office ONLY on Notices To Appear. In all other cases, it should be removed. The Jail or JAC personnel will determine this for all defendants turned over to them. In all Notices To Appear issued by the Arresting Officer, the Arresting Officer should leave the WHITE copy of VICTIM'S / WITNESSES attached.

CLERK OF COURT    SAO FORM-425, 10/03

PROBABLE CAUSE STATEMENT

VICTIM NOTIFICATION

REPORT # _1_

AGENCY NAME _TV_

7/30/04

I, James Jugo, Know the statements given by my son, James L. Porcher, are in fact untrue. I was told by my son that he being a Confidential Informant, was going to Set Bonnie Baker, because of a personal vendetta. The statements he gave the police about the pressure washer + marijuana was untrue. He specifically told me he planned on putting Bonnie Baker and myself in prison, in any way he possibly could, including planting illegal drugs, stolen property or lying to the police.

James Jugo

Witness: _____ Jerdill

Bryan R. Kominski Witness: _____

CHERI J. SHERLOCK
NOTARY PUBLIC · STATE OF FLORIDA
COMMISSION # DD326106
EXPIRES 6/6/2008
BONDED THRU 1-888-NOTARY1

Cheri J. Sherlock
7/31/04

Page: 8                         TAMPA PD                    GO 2004-303362
For: P47396             GENERAL OFFENSE HARDCOPY                   (ARREST)

Tue, Jun. 29 2004                              350A - 7 CONT SUBS-POSS/SELL


Officer McCOY pulled behind BAKER's pickup truck and Officer M.W. TURNER
pulled in front of it, thus preventing the investigating officers from
being injured in the event BAKER attempted to flee the scene. Officer McCOY
approached BAKER and took him into investigative custody. A patdown search
was conducted of BAKER for the safety of all of the officers on scene.
Officer McCOY recovered a small blue pill bottle from BAKER's left front
pocket. This bottle was recovered in my presence and I could hear it
distinctly rattling when shook. Since it is my experience that narcotics
dealers often store illegal narcotics in unmarked prescription bottles,
this bottle was opened. Inside were 7 (seven) pieces of what appeared to be
rock cocaine. Officer McCOY recovered a small plastic baggie from BAKER's
front pocket. This contained numerous prescription pills later identified
as OXYCOTIN. RONNIE BAKER was arrested at this point.

*This HARd copy shows contradiction: SEE ORiginal ARREst DATE. Afficlavit*

Officer TURNER deployed K9 BUDDY and examined the exterior of RONNIE
BAKER's pickup truck for narcotics odor. K9 BUDDY gave a positive alert for *28.3*
the presence of narcotic odor. SGT. TODD and I began a systematic search of *GR.*
the truck. SGT. TODD recovered a small purse type bag from under the single
seat of the pickup truck. This exactly matched the intelligence gathered
from the CS. SGT. TODD opened the zipper of the bag and discovered a
plethora of narcotics. This included 21.6 grams of rock cocaine still in
the cooked down 'base' form, three small baggies of powder cocaine (5.5
grams), a plastic baggie of heroin (1.0 grams), and the agreed upon bag of
marijuana weighing 2.5 grams. An Eckerd Drugs white pill bottle was found
by the author behind the seat of the pickup truck. It was a prescription
for ALPRAZOLAM issued to one HEATHER MAKEY. It contained 11 (eleven) pills.
I located a TANITA digital scale behind the seat of the truck. It was
packaged in a brown pouch and had cocaine residue on it's surface. This
residue tested positive in a field test kit. All of these narcotics and

items of evidence were given to Officer R. VELEZ who was acting as the
evidence technician in this case. Officer VELEZ field tested the narcotics
and packaged them as evidence pending any upcoming criminal proceedings.
All of the narcotics field tested positive. BAKER also had $300.00 (three
hundred) dollars of US currency in one wallet, and an additional $73.00
(seventy-three) dollars separated in another wallet. This separated money
was almost the exact amount agreed upon by the CS and BAKER as the purchase
price of the pressure washers during the initial conversations. All of this
money was seized pursuant to the Florida Contraband Forfeiture Act. The
pickup truck was also seized pursuant to the aforementioned act. RONNIE
BAKER was read the Notice of Seizure of Personal Property by Officer K.
McCOY. He advised that he understood this notice but refused to sign for
its receipt. The pickup truck was towed to the Tampa Police Impound lot by
Southside Towing. Digital photographs were taken of the vehicle and
narcotics by Officer TURNER. These photographs were made part of my case

continued ...    *more ImpoRTaNT I'll show you copies of The*

*~in re. U. of Florida v. Boyce E. Glasson, 462 So.2d 1082; 1985 Fla.Lexis*
*2176; 10 Fla. L. Weekly 56.*

Tue, Jun. 29 2004                                    350A - 7 CONT SUBS-POSS/SELL

be stolen, and BAKER advised he would 'take them anyway'. There were no
*see: People v. Isaacson, 44N.Y.2d 511, 406 N.Y.S. 2d 714,378 N.E. 2d 78 (1978).*
pressure washers to be sold, as this was a ruse by the author and agreed
upon by the CS. The CS said BAKER would always be interested in stolen
pressure washing equipment because that was his chosen occupation. RONNIE
BAKER agree to meet the CS at the GREEN IGUANA bar at LAWN AVE/WESTSHORE
BLVD. BAKER said he had several deliveries to make before he met with the
CS and would have his phone with him.

The CS related this information to me and a plan was set into motion.
Members of QUAD Squad 120 began to infiltrate the meeting location in
unmarked police vehicles. Officer K. McCOY and I were in the northwest
corner of the parking lot of the GREEN IGUANA bar. Officer M.W. TURNER was
also in the parking lot, but on the southeast corner. Officers R. VELEZ and
W. HANSON were just north of the meeting place. There were two marked units
nearby standing by in the event RONNIE BAKER responded. SGT... B. TODD and
CPL. J. MEIER were also in the immediate area. Once the all of the law

enforcement officer were in place, the wait began for RONALD BAKER to
arrive.

At 2255 hours, RONNIE BAKER contacted the CS via telephone and advised the
CS to keep waiting. BAKER said he really wanted the pressure washers and
had the money and 'weed' (common street language or marijuana) for the CS.
BAKER wanted the CS to wait at the auto body shop directly north of the
original meeting point. Once the CS related this to me, I quickly
identified the auto body shop in question. It was directly across LAWN AVE.
on the north side of the GREEN IGUANA bar. The business was currently
closed, and the roll down doors were shut and fastened. There were three
open air bays covered by tin in the front of this business. This is where
BAKER wanted the CS to await his arrival. I had a clear and unobstructed
view of the auto body shop and communicated via the police radio for all of
the unit to hold their current position and that the deal was still going

forward. The CS again provided me with a description of the truck and of
the small pouch or purse BAKER would be carrying the narcotics in. The CS
parked his/her car at the meeting location but then walked into a nearby
business, as per my explicit instructions.

At 0148 hours a red Chevrolet pickup drove slowly southbound on WESTSHORE
BLVD. and pulled into the parking lot of the CIRCLE K convenience store.
The truck was parked at the gasoline pumps and a B/M matching RONNIE
BAKER's description exited and began pumping gasoline. This store was
approximately one half a city block from the predetermined meeting
location. Since I am familiar with RONNIE BAKER, I had Officer McCOY drive
me north on WESTSHORE BLVD. to allow for an identification. I saw that it
was indeed RONNIE BAKER standing beside the pickup truck described to me by
the CS. I determined that it was time to make contact with BAKER in order
to further continue m investigation.
Continued ...

*pg. 17*        *(2 -- A)*

TRAFFicKiNg iN cocaine.

To Whom It May Concern,

I James Parcher On the Day of June 9, 2004 Never saw Ronald Baker, Nore did Ronald Baker ever sell me any drugs, I was never at the location were Ronald Baker was arrested. He was never coming to meet me to sell any drugs, I was the CI For Tampa Police Dept Quad Squad Dist. 1 Brain Felt's. Iam Saying that Ronald Baker never intended or was going to sell Me or Sharlie Laplant the other CI any drug's. At the time of the day Ronald Baker was accest I was on house arrest at my House. The cop's made us work with them they gave me to tickets that they Said they would take care of my tickets and they wouldn't mess up my house arrest. I was not allowed to work with the cop's, The Judge never gave me permission to work as a CI. But the Cops made me do drug bust at my house and buy and sell Gun's For them, them being the Quad Squad Dist. 1 TPD.

X James Parcher
0 4053699

Sworn to and subscribed before me this 31 day of Aug, 20 04

_____
Signature of Notary Public - State of Florida

R PEREZ 3546
Print Type or Stamp Name of Notary Public

☐ Personally known to me, or
☑ Produced identification: TAIL WRISTBAND I.D.
Type of I.D.

Heather Maxey
3810 N. Oak Drive
Apartment N-21
Tampa, Florida 33611
(813) 846-6517

case # 04-10968

October 21, 2004

On June 8, 2004, I, Heather Maxey, left my two (2) medicine prescriptions in my finance's, Ronald Baker's, truck. One (1) of the prescriptions was Xanax (2mg), which were in the pharmacy bottle. The second (2"") was Oxicotin (40 mg), which I had put into a plastic bag that same afternoon. The reason I did this was because the cap to the bottle kept coming loose and pills would spill. I still have in my possession, the original pharmacy bottle the Oxicotins came in. The bottle has my name, address, the doctor's name who prescribed them to me, and the quantity prescribed. The date on the bottle reflects they are my prescription for the month of June.

I know by leaving my prescriptions in Mr. Baker's truck was extremely careless and irresponsible of me, not to mention dangerous, because the prescriptions are controlled drugs. Please believe me when I tell you it was purely accidental. When I realized I had left my prescriptions in Ronald's truck, I immediately called and made him aware of the situation. He in turn immediately went to his truck and confirmed I had done so. We agreed that he would bring them to me on his way home that night or early the next morning, depending on his schedule. I advised him that it was very important he not let the prescriptions out of his possession. I realize that by leaving the bottles of pills has gotten Ronald into a situation that was completely out of his control. I take total responsibility for (my) mistake and sincerely hope the court will consider exonerating Ronald of the charge brought against him due to my leaving the pills in his truck. My hope is that the court dismiss the charge(s). It was an accident and one that I am truly sorry for. I cannot express how remorseful I am. I would like to apologize to Ronald, the court and the policemen for the trouble I have caused due to my carelessness. I am truly sorry.

Respectfully,

Heather Maxey

(Heather Maxey),
Heather Maxey Oct. 21.2004
3810 N. Oak Dr #N21
Tampa, Fl 33611
(813) 846-6517

CHERI J. SHERLOCK
NOTARY PUBLIC - STATE OF FLORIDA
COMMISSION # DD326106
EXPIRES 8/5/2008
BONDED THRU 1-888-NOTARY1
Cheri J Sherlock
10/21/04

**COURT CASE / J.F. ID #** 04-11072     **SAO #** _____     **OBTS #** _____

**ARREST**
- ☑ Probable Cause ☑ Adult
- ☐ Capias ☐ Juvenile
- ☐ Fugitive Warrant ☐ Delinquent
- ☐ VOP/VOCC ☐ Dependent
- ☐ Warrant ☑ Felony
- ☐ Juvenile Pickup ☐ Misdemeanor

**AGENCY REPORT #** 04-304093  **AGENCY NAME** Tampa PD  **ORI #** 02902

**LOCATION OF OFFENSE** 4610 Ballast Point Blvd   **DATE OF OFFENSE** 6/9/04   **TIME OF OFFENSE** 1340

**WITHIN:**
TAMPA ☑ PLANT CITY ☐ TEMPLE TERRACE ☐ UNINCORPORATED AREA ☐ SUPPLEMENTAL CRA ATTACHED ☐

**REQUEST FOR:**
- ☐ Traffic MIS
- ☐ Direct File/SAO ☐ Traffic FEL
- Review
- ☐ Warrant ☐ Pickup
- ☐ Summons ☐ Other
- ☐ Juvenile Pickup

**COURT:**
TAMPA COURT ☑ PLANT CITY CT ☐   1201 Orient Rd

**LOCATION OF ARREST** 4610 Ballast Point Blvd (Booking)   **DATE OF ARREST** 6/9/04   **TIME OF ARREST** _____

**NOTICE TO APPEAR:**
- ☐ Arresting officer
- ☐ Booking supervising officer

**BOOKING #** 4036325   **SOID #** 157601   **WEAPON TYPE** N/A   **WEAPON SEIZED** Yes ☐ No ☑

**NAME** BAKER (Last)  RONALD (First)  _____ (Middle)  **ALIAS** _____

**RACE:** B  **SEX** M   **COMPLEXION** DK  **BUILD** MD  **HEIGHT** 5'11  **WEIGHT** 195  **COLOR: EYES** BRO  **HAIR** BLACK

W-White, I-American Indian/Alaskan Native, HW-Hispanic White, HB-Hispanic Black, B-Black, O-Oriental/Asian

**D.O.B.** 02/25/57   **APPROXIMATE AGE** 47   Bus #: 831-4231

**LOCAL ADDRESS (Street, Apt. #, City, State, Zip)** 7302 S. Morton Ave Tampa FL 33616

**Permanent Address (Street, Apt. #, City, State, Zip)** 4610 Ballast Point Blvd Tampa FL 33616   Res Note:

**Business Address (Street, Apt. #, City, State, Zip)** Self Employed   Ph #:

**Driver's License No.** B260-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   **State** FL   **SS #** 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   **PLACE OF BIRTH** FL   OCC #

**Gang Member:** Yes ☐ No ☑   **Gang Name** _____

**SCARS, MARKS, TATOOS, UNIQUE FEATURES (Loc., Type, Desc.)** Scar on Left Arm

**IF JUVENILE:**
School Name N/A

Mother/Guardian _____  Address: _____  Ph #: _____
Father/Guardian _____  Address: _____  Ph #: _____
Released To:   JAC ☐   Parent ☐   Guardian ☐   Other Relationship ☐ _____   ☐ Other _____

**Co-Defendant (Last, First, Middle)** N/A   Sex: ___ Race: ___ DOB. _____
Arrested ☐   At Large ☐   Capias/Warrant Requested ☐   Felony ☐   Misdemeanor ☐   Juvenile ☐

**Co-Defendant (Last, First, Middle)** _____   Sex: ___ Race: ___ DOB. _____
Arrested ☐   At Large ☐   Capias/Warrant Requested ☐   Felony ☐   Misdemeanor ☐   Juvenile ☐

| STATUTE (subsec.) / ORD # | DV | CP | CHARGE STATUS | BOND SET | CHARGE | TRAFFIC CITATION # | DRUG ACT/TYPE |
|---|---|---|---|---|---|---|---|
| 812.019 | NO | NO | F | | DEALING IN STOLEN PROPERTY | SHERIFF'S OFFICE 2004 JUN 10 | N |

**CHARGE STATUS:** F-Felony M-Misdemeanor T-Traffic O-Ordinance FT-Felony Traffic DV-Domestic Violence CP-Child Pickup
**ACTIVITY:** N-N/A P-Possess S-Sell B-Buy T-Traffic R-Smuggle D-Deliver E-Use K-Dispense/Distribute M-Manufacture/Produce/Cultivate Z-Other
**TYPE:** N-N/A A-Amphetamine B-Barbiturate C-Cocaine E-Heroin H-Hallucinogen M-Marijuana O-Opium/Deriv. P-Paraphernalia/Equipment S-Synthetic U-Unknown Z-Other

**A LIST OF TANGIBLE EVIDENCE (If none, write "None") (Evidence List must be provided for all NOTICES TO APPEAR)**

| DESCRIPTION/AMOUNT PER UNIT | RECOVERED BY | GIVEN TO | PRESENT LOCATION |
|---|---|---|---|
| 2001 6'x14' ENCLOSED TRAILER (VIN 5C7EE1426100001017) | B. FELTS | W. FOWLER (OWNER) | W. FOWLER (OWNER) |

Mandatory Appearance in Court ☐   You need not appear in Court, but must comply with instructions on Reverse Side. ☐

**COURT INFORMATION:** You must appear in County Court at the:

COURTHOUSE TOWER ANNEX, 801 E. TWIGGS STREET ☐   COUNTY OFFICE BUILDING, MICHIGAN & REYNOLDS STREET ☐
(Corner of Jefferson & Twiggs Street), TAMPA, FLORIDA 33602   PLANT CITY, FLORIDA 33566

Division _____   COURTROOM # _____   ON _____, 20 ___, AT _____   a.m. ☐ p.m.

I agree to appear at the time and place designated above to answer for the offense(s) charged or to pay the fine subscribed. I understand that if I wilfully fail to appear before the Court as required by this Notice to Appear, I may be held in contempt of Court and a warrant for my arrest shall be issued. I may also be charged with the crime of Failure to Appear, F.S. 843.15. I certify that my address as listed above is correct and I further understand that I have a continuing duty to advise the Court of any changes in my address as set forth above.

Signature of Defendant/Juvenile _____    Parent or Guardian (if Juvenile) _____

White - Clerk of Court    Green - State Attorney    Canary - Arresting Agency    Pink - Central Booking/Detention Center    Goldenrod- Defendant

**REPORT #** 04-304093

AGENCY REPORT

State facts to establish probable cause that a crime was committed by the defendant or that the child is dependant.

DURING THE EXECUTION OF A COURT ORDERED SEARCH WARRANT AT 4610 BALLAST POINT BLVD, I DISCOVERED A STOLEN VEHICLE TO WIT A 2001 ENCLOSED LAWN MAINTENANCE TRAILER. THIS VEHICLE WAS REPORTED STOLEN TO THE TAMPA POLICE DEPARTMENT ON 05-06-2004. (TPD 04-238051). THE DEFENDANT IN THIS CASE IS THE OWNER OF 4610 BALLAST POINT BLVD. THE DEFENDANT IN THIS CASE ADMITTED TO A CONFIDENTIAL INFORMANT THAT HE PAID $400 FOR THE ENTIRE TRAILER (VALUE $9000) AND LAWN MAINTENANCE EQUIPMENT (VALUE $3000) FROM A 'NARCOTICS USER. THIS AMOUNT IS WILDLY BELOW THE PRUDENT VALUE AND DENOTES THE DEFENDANTS KNOWLEDGE THAT IT IS INDEED ILLEGALLY OBTAINED GOODS / PROPERTY

Judgement requested against defendant for agency investigative cost per Florida Statute 938.27: $ 130

OFFICER _____

I.D. # _____ Dist. & Squad _____

SWORN TO AND SUBSCRIBED BEFORE ME THIS

_____ DAY OF _____, 20 __

NAME/Title Person Authorized to Administer Oath.

POLICE REPORT WRITTEN: Yes ☑ No ☐

OFFICER B. Felt  I.D. # 4331  Dist. & Squad D1 120

I SWEAR THAT THE ABOVE STATEMENTS ARE CORRECT TO THE BEST OF MY KNOWLEDGE. FOR NOTICES TO APPEAR, I ALSO CERTIFY THAT A COMPLETE LIST OF WITNESSES AND EVIDENCE KNOWN TO ME IS ATTACHED.

AFFIANT, Signature

AFFIANT, Date/Type Name  B. L Felt

**NOTE: The WHITE COPY of VICTIM'S / WITNESSES goes to the Clerk's Office ONLY on Notices To Appear. In all other cases, it should be removed. The Jail or JAC personnel will determine this for all defendants turned over to them. In all Notices To Appear issued by the Arresting Officer, the Arresting Officer should leave the WHITE copy of VICTIM'S / WITNESSES attached.**

CLERK OF COURT

SAO FORM-425, 10/03

*needing in stolen property*

04-304093

To Whom It May Concern, I James Parcher never gave or Said that baker new that he had any things that was Stolen on a property he had I said or gave info AFter the Fact on a Randy eppert that Stole the Trail and or any other property. Rony Baker never new about any thing Stolen on his property it was not a address that he lived at he Just rented the house out.

*James Parcher*
04/05 3699

Sworn to and subscribed before me this 3/ day of *July*, 20 07

*M. 5837*

**Signature of Notary Public - State of Florida**

M. DeJesus   5837

**Print Type or Stamp Name of Notary Public**

☐ Personally known to me, or
☑ Produced Identification: 2405 3699

**Type of I.D.**

( 4 - A )

# TAMPA POLICE DEPARTMENT

Evidence Control Log/Receipt For Seized Articles

Date: 6-9-04

Report Number: 04-304093

Location: 4610 W. Ballast Point

Completed By: M.W. TURNER

| Exh. # | Description of Exhibit | Location Seized | Seized By |
|---|---|---|---|
| 1 | Ziplock Baggie | Master Night Stand | Felts |
| 1 A | 3 PLIVA 563 - unk Pills | " | " |
| 1 B | 2 PLIVA 563 unk Pills (for LAB) | " | " |
| 2 | Pill Bottle No Name marked RANitidine | Dresser Master Bedroom | Turner |
| 2 A | Pills Beisc in Color marked CD 129 (42) | Dresser Master Bedroom | Turner |
| 2 B | 2 Pills CD129 | " | Turner |
| 3 | Pill Bottle (Cheri Sherbock) TraZADOwe / white pill #439 | Master Bedroom Walk in Closet | Felts |
| 3 A | 105 white Pills #439 | " | Felts |
| 3 B | 2 white pills #439 | " | Felts |
| 4 | Janssen RIS 0.25 Antpsychotic Pill Bottle Name of Cheri Sherbock | Master Bed room Walk in Closet | Felts |
| 4 A | yellow Tablet RIS 0.25 (231 Pills) | " | Felts |
| 4 B | yellow Tablet RISO.25 2 Pills | " | Felts |
| 5 | Hypodermic Needle | Master Bedroom | Felts |
| 6 | Marijuana Bong | M. Bedroom | Felts |
| 6 A | Marijuana Bowl Pipe | M Bedroom | Felts |
| 7 | Prescription Receipts In Name of Cathryn + Robert Abbot | M Bedroom | Felts |
| 8 | Altel Receipt In Name of Bakers Press wash + Cathy Abbott | Living Room | Meier |
| 8 A | Bake-Press wash Sub Proposal Sheet | " | Meier |
| 8 B | Photo of Rifles | M Bedroom | Turner |
| 9 | Quil Claim Deed In Name of Ronald Baker + Cathryn Abbott | M. Bedroom | Turner |
| | | | |

Page 1 of _____

# TAMPA POLICE DEPARTMENT

### Evidence Control Log/Receipt For Seized Articles

Date: 6-9-04

Report Number: 04-304093

Location: 4610 Ballast Point

Completed By: MW Turner

04-238051

| Exh. # | Description of Exhibit | Location Seized | Seized By |
|--------|----------------------|-----------------|-----------|
| 10 | 38 Special Rounds (47) | M Bedroom | Turner |
| 11 | Winchester 357 Mag Ammo (6) | M Bedroom | Fells |
| 12 | Don Wesson 357 Revolver ink ser # | Closet outside M. Bedroom | Todd |
| 13 | 14 unk Type Sunglasses | Living Room | Meier |
| 13A | 11 Power Supplies | Living Room | Meier |
| 13B | Silver Case for Exhibit # 13 + 13A | Living Room | Meier |
| 14 | Air Boat NO Vin | Back Yard | |
| 15 | 2001 OK Utility Trailer Vin 5C7EE14261D000017 | Back Yard | |
| 16 | Hedge Trimmer Kawaska KHS 750A | Trailer | |
| 17 | Sprayer | Trailer | |
| 18 | Mow King Mower | Trailer | |
| 19 | Stihl Blower ser # 262080380 | Trailer | |
| 20 | Stihl Trimmer # 255987339 | Trailer | |
| 21 | Laptop Computer | Middle Bedroom | Felt |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
OF THE STATE OF FLORIDA, IN AND FOR HILLSBOROUGH COUNTY
CIVIL DIVISION

OPTION ONE MORTGAGE CORP.,

Plaintiff,

vs.                                                    Case No.: 03-CA-011328

PATRICK TANAKA; RONALD BAKER, ET AL,          Division: "I"

Defendants.

_____/

## ORDER TO DISBURSE SURPLUS FUNDS

THIS CAUSE coming to be heard in chambers this 1st day of September, 2004, on

Hillsborough County's Motion to Disburse Surplus Funds, and the Court finding that the

County's motion is well founded, it is:

ORDERED AND ADJUDGED:

1.    Hillsborough County Board of County Commissioners shall recover the amount

of $1,300.00 from the remaining proceeds held by the Clerk of Court.

2.    The Clerk of Court is hereby directed to issue its check from the remaining

proceeds to Hillsborough County Board of County Commissioners in the amount

of $1,300.00, payable to:

> Clerk of Circuit Court
> c/o Paul D. Johnston, Assistant County Attorney
> 601 East Kennedy Boulevard, 27th Floor
> Tampa, Florida 33602

3.    The funds recovered by Hillsborough County shall be used to satisfy its liens

against Ronald Baker as recorded at OR Book 05814 / Page 0515, Book 05723 /

Page 0059, Book 05410 / Page 1278, and Book 06729 / Page 0315, of the Official

Records of Hillsborough County.

DONE AND ORDERED in chambers in Tampa, Hillsborough County, Florida this 1st

day of September, 2004.

CIRCUIT JUDGE

COPIES TO:

Patrick Tanaka
4610 West Ballast Point Boulevard
Tampa, Florida 33611

Ronald Baker   #04036325
9-D  Falkenburg Road
Tampa, Florida 33619

Cathryn Abbott
7302 Morton Street
Tampa, Florida 33616

Modern American Distributors
c/o Stuart Simcox, R.A.
491 Tacoma Avenue
Tallmadge, Ohio 44278

University Community Hospital, Inc.
c/o Bobbie McLeod
3100 East Fletcher Avenue
Tampa, Florida 33613

State of Florida, Dept. of Legal Affairs
c/o Sybil Powell
The Capital
Tallahassee, Florida 32399-0001

Ronald Baker
7302 Morton Street
Tampa, Florida 33616

Cathryn Abbott
4610 West Ballast Point Boulevard
Tampa, Florida 33611

State of Florida, Dept. of Rev.
c/o Kristy Johnson
Carlton Building
501 South Calhoun Street, Room 104
Tallahassee, Florida 32399-0100

Elpa Gates, Inc., a Dissolved Corp.
c/o Beshara Harb
9706 Port Colony Way
Tampa, Florida 33615

Bank of America, N.A.
c/o Judy Turtietaub
1425 Northwest 62nd Street
Fort Lauderdale, Florida 33309-1990

Anthony S. Arena, Esquire
718 W. Dr. Martin Luther King, Jr. Blvd.
Suite 200
Tampa, Florida 33603

# Jacob Abraham, Inc
2815 East Henry Avenue, Suite B-4
Tampa, Florida 33610-1471
813-237-3100 Office/813-236-6451 Fax

June 24, 2004

Mr. Ronald Baker, #04036325
c/o-Orient Road Jail
1201 Orient Road
Tampa, FL 33619

*note: At The Time OF my ARRest, I Lived at The Below address.*

Dear Mr. Baker,

We are wanting to know if you will voluntarily giving up your apartment at 8401 Interbay Blvd., apartment # 4, Tampa, FL 33611. Please contact David A Schmitt Jr by phone at 477-8483 as soon as possible to discuss. I will come meet with you if you wish to set up an appointment with visitation supervisor. If you do not respond we will continue with the formal eviction process.

Respectfully,

David A Schmitt Jr

*under penalty of perjury I The Plaintiff swear all written here in → This letter is True and correct. on This 9th day of June 2006,*

*Ronald Baker*

Statement from: Sharlie Joy LaPlant                    August 31, 2004

Tampa Police Officer Brian Felts contacted
James Parcher to get ahold of Ronald Baker
due to the fact that another guy who
was arrested earlier that day had been
unable to reach Mr. Baker. Mr. Parcher
attempted several times to reach Mr. Baker
via telephone + was unable. James sent
me to Chevron pay phone, I was unable
to reach Mr. Baker, however Mr. Baker
did finally return James Parchers phone
call. Mr. Parcher requested Mr. Baker
meet him in about hour at Green
Iguana (side street) in order to
luke him there. At that point we
contacted Mr. Felts who informed that
he was going to pull Mr. Baker over
on a regular traffic stop. After an
hour + a half, Mr. Felts called me +
begged me to go to pay phone at
Circle K on Westshore to call Mr. Baker
since he had not shown up. James Brown Jr
and I went to Circle K, I called
Mr. Baker twice + an undercover officer,
Walter, approached me, requested that I
park my car at a designated spot + for
me to go into Green Iguana to wait for
Mr. Baker to show up. We waited
about 15-20 minutes on Green Iguanas

CHERI J. SHERLOCK
NOTARY PUBLIC-STATE OF FLORIDA
COMMISSION # DD325108
EXPIRES 6/6/2008
BONDED THRU 1-888-NOTARY1

8-31-04

Cheri J. Sherlock

patio. I observed MR BAKER make a left hand turn onto Westshore Blvd from Wallcraft. I observed Mr. Baker Vehicle, noticing he had no headlights or taillights out, he did use the proper turn signal and, since he had just made the turn from a full stop, was absolutely not speeding. He drove approx 2 blocks on Westsh made a left turn, using proper turn sign into Circle K and pulled up to the Gas pump. Before Mr Baker was able to fully exit his car, he was surround by undercover police + cars. At that point, the police already had their dog out and were talking to Mr Baker as they pulled him from his vehicle.

I promptly left the scene.

Sharlie Joy LaPlant          8/31/0

CHERI J. SHERLOCK
NOTARY PUBLIC - STATE OF FLORIDA
COMMISSION # DD326106
EXPIRES 6/6/2008
BONDED THRU 1-888-NOTARY1

Cheri J Sherlock