UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RONALD BAKER,

    Plaintiff,

vs.                                             Case No.: 8:06-cv-1108-T-17MAP

BRIAN FELTS,

    Defendant.

_____ /

## O R D E R

    Pro se Plaintiff Ronald Baker filed a Civil Rights Complaint under 42 U.S.C. §1983 alleging that Officer Brian Felts violated his Fourth, Fifth and Fourteenth Amendment constitutional rights. The Complaint also incorporated or referenced attachments as follows:

    A print out from the Circuit Clerk of Court for case number 04-CF-011264 which was assigned to Ronald Baker for the Offense of Grand Theft which indicates the case was disposed by a Letter of Release on February 25, 2005 and references Agency Report Number 04-238051;

    A single page narrative from the back of a Criminal report Affidavit ("CRA") which describes probable cause for an arrest on a drug offense which was sworn to by Officer Brian Felts on June 9, 2004 and references Agency Report Number 04-303362;

    A notarized letter dated July 30, 2004 of James Jugo;

    Pages 7 and 8 of a Tampa Police Department Offense Report 04-303362;

    A notarized letter dated August 31, 2004 from James Parcher;

> A notarized letter from Heather Maxey dated October 21, 2004;
>
> A 2-page Criminal Report Affidavit for Ronald Baker for the offense of Dealing in Stolen Property which was sworn to by Officer Brian Felts for Agency Report Number 04-304093;
>
> A second notarized statement from James Parcher which appears to be an addendum to the first one previously mentioned above;
>
> An Evidence Control Log sheet that details items seized pursuant to a search warrant for Tampa Police Department report number 04-304093;
>
> An Order to Disburse Funds; and
>
> A notarized letter dated August 31, 2004 from Sharlie Joy Laplant.

## DISCUSSION

Baker alleges that he was arrested on June 9, 2004, at a time when no criminal activity was occurring as he tried to purchase gas at a Circle K store. He alleges that his person and vehicle were searched without probable cause. As a result of the search of his vehicle, the police found receipts for his storage facilities and other documentation about his property. After obtaining that information, Officer Brian Felts applied for, and obtained, a search warrant from a Judge using an affidavit that contained "false statements with a reckless disregard for the truth". Baker further alleges that the Officer did not rely on information from a Confidential Source as alleged within his application for the search warrant, but instead really gained the information about Plaintiff's potential repositories for stolen goods from the receipts obtained, without probable, from the June 9th arrest.

On or about June 9, 2004 and June 10, 2004, the Plaintiff's two 10x20 storage units located on South Dale Mabry Highway were searched pursuant to the warrant obtained by Officer Felts and items were recovered as a part of the warrant's execution. As a result of items obtained in the search, the Plaintiff was charged with Grand Theft in Circuit Case

2

number 04-CF-011264. On February 25, 2005, the State Attorney issued a Letter of Release for the Grand Theft case. The Plaintiff alleges that his arrest, the search conducted of him and his vehicle on the date of his arrest, the application for the search warrant, and the subsequent search of his storage units: (1) were all in violation of the rights guaranteed to him under the Fifth and Fourteenth Amendments, and (2) were in violation his Fourth Amendment right. The Complaint fails to state a cause of action.

## STANDARD OF REVIEW

When considering a motion to dismiss under Federal Rules of Civil Procedure Rule 12(b)(6), the Court must accept all factual allegations in the complaint as true, consider the allegations in the light most favorable to the plaintiff, and accept all reasonable inferences that can be drawn from such allegations. Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003); Jackson v. Okaloosa County, Fla., 21 F.3d 1531, 1534 (11th Cir. 1994). A Complaint may not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Lopez v. First Union Nat'l Bank, 129 F.3d 1186, 1189 (11th Cir. 1997)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). On a motion to dismiss, the Court limits its considerations to the pleadings and exhibits attached thereto. GSW, Inc. v. Long County, Ga., 999 F.2d 1508, 1510 (11th Cir.1993).

The Eleventh Circuit has held that when considering a Rule 12(b)(6) motion to dismiss, a Court may take judicial notice of the public record, without converting the motion to dismiss to a motion for summary judgment. This is because such documents are capable of accurate and ready determination. Makro Capital of America, Inc. v. UBS AG, 372 F.Supp.2d 623, 627 (S.D. Fla. 2005)(citing Bryant v. Avado Brands, Inc., 187 F.3d 1271,

1279-80 (11th Cir. 1999)); Broward Garden Tenants Ass'n. v. E.P.A., 157 F. Supp.2d 1329, 1335 n. 8 (S.D. Fla. 2001); Universal Express, Inc. v. SEC, No. 05-13142, 2006 WL 1004381, 1-2 (11th Cir.2006). Thus, the Court may take judicial notice of documents filed in other judicial proceedings, without converting a motion to dismiss to a motion for summary judgment, for the limited purpose of recognizing the subject matter of the litigation and/or issues decided. Young v. City of Augusta, Ga., 59 F.3d 1160, 1166 n. 11 (11th Cir.1995); In re Delta Resources, Inc., 54 F.3d 722, 725 (11th Cir.1995); United States v. Jones, 29 F.3d 1549, 1553 (11th Cir.1994). Here, the Court will take judicial notice of the Clerk of Court for the Thirteenth Judicial Circuit's progress docket[1] which shows that there are still two (2) pending Criminal State Court proceedings which involve Plaintiff's June 9th, 2004 arrest and allegations which stem from a June 10, 2004 arrest.[2]

## YOUNGER ABSTENTION

A Federal Court should not enjoin a state criminal prosecution begun prior to the institution of the federal suit. Younger v. Harris, 401 U.S. 37 (1971). In the instant case, it is clear from the Circuit Court's progress docket that both of the pending state court criminal cases were filed June 29, 2004, a full two years prior to the Civil Rights Complaint presently before this Federal Court. The agency report number listed in the charge status section of the progress docket for Circuit Case number 04-CF-10968 is the same agency

---

[1] http://www.Hillsclerk.com.

[2] Circuit case number 04-CF-10968 for charges of trafficking in drugs based on agency report number 04-303362 for a June 9, 2004 arrest is set for jury trial September 25, 2006 and Circuit Court case number 04-CF-11072 for charges of Dealing in Stolen Property based on agency report number 04-304093 for a June 10, 2004 arrest is set for jury trial set September 25, 2006.

report number listed as the source for pages 7 and 8 attached to Plaintiff's Complaint.[3] It is appropriate and logical for the Court to conclude that the Plaintiff is still being prosecuted and awaiting a trial based on events of June 9, 2004 and for which he has described as the factual basis for this lawsuit. Since the State prosecution against Plaintiff commenced prior to the institution of this federal case; the appropriate forum to challenge the validity of his arrest and/or any subsequent search is the pending criminal court proceeding in State Court. See id. A review by this Federal Court of allegations which are inextricably intertwined with the criminal state court proceeding effectively requires that the Federal Court interfere with and/or supplant the authority invested in the State Criminal Court.

## FOURTH AMENDMENT

Even if taken in the light most favorable to the Plaintiff and liberally construed, the Plaintiff has failed to sufficiently state a cause of action for the violation of his Fourth Amendment right. As this action is against Officer Brian Felts, in his individual capacity, the Plaintiff has failed to meet the heightened pleading requirement in order to withstand a motion to dismiss. <u>GJR Investments, Inc. v. County of Escambia, Florida</u>, 132 F.3d 1359, 1366 (11th Cir. 1998). The Plaintiff has failed to plead this case with enough specificity to allow this Court to determine whether the Plaintiff can overcome Officer Felts' defense of qualified immunity.

The disposition of the state court Grand Theft case, which is the subject of the Complaint, was by a Letter of Release. Plaintiff contends that the only reasonable

---

[3] Pages 7 & 8 describe the way that Plaintiff was detained and searched on June 9, 2004. These pages also describe the substantial "trafficking" amounts & types of drugs which were found on the Plaintiff and inside his vehicle.

explanation for this disposition was because the State determined that nothing was stolen.[4] However, this assertion is not supported by any factual information that could lead the Court to that conclusion. The print out from the Clerk of Court from the Grand Theft case, which one presumes the Plaintiff attached to stand for this assertion, does nothing more than show that the charges were not pursued by the State Attorney's Office. The docket page attached to the Complaint does not contain any information which would explain why the State Attorney's Office made such a decision. The Court would have to speculate in order to conclude that the State Attorney's decision not to prosecute the Grand Theft charges was due to a determination that the items were not stolen. A Letter of Release by the State Attorney's Office declining to initiate prosecution is significantly different than an actual dismissal by a Court after an appropriate legal review of the warrant on a Motion to Suppress wherein the Court finds that the challenged search warrant was without probable cause. A dismissal by the State Court under the aforementioned circumstances would at least raise a reasonable presumption to support the factual allegations raised by the Plaintiff in his Complaint rather than the speculation the Court would have to engage in in order to determine why a Letter of Release may have been issued. For the foregoing reasons, the docket page attached to the Complaint will be disregarded by the Court as a well-pled allegation.

The Plaintiff has also attached a document titled "Tampa Police Department Evidence Control Log/Receipt for Seized Articles" for Report number 04-304093 to the

---

[4] It is equally reasonable to believe that the Grand Theft charges were subsumed in the Dealing in Stolen Property case which is still pending. See F.S. §812.025, Victory v. State, 422 So.2d 67 (Fla. 2nd DCA 1982) and Hall v. State, 826 So.2d 268 (Fla. 2002).

Complaint. Although Plaintiff's Complaint is specific to his two 10x20 rented public storage units on South Dale Mabry, the inventory log he has attached to his Complaint references items seized at 4610 West Ballast Point.[5] Notwithstanding that the inventory attached to the Complaint is <u>not</u> a list of items recovered from Plaintiff's storage units, the inventory itself does not contain anything which supports the allegation that the items from Plaintiff's storage units were seized without probable cause. Therefore, this item fails to support Plaintiff's conclusory allegations that Officer Felts provided false statements in the application for a search warrant of his storage facilities and will be disregarded by the Court as a well-pled allegation.

The sworn letters attached to Plaintiff's Complaint, presumably in support of his allegations that Officer Felts made false statements to obtain a search warrant, create inconsistencies in and of themselves. The letter purported to be from James Jugo (the Confidential Source's "CS" father) alleges that his son (James Parcher) did maliciously give statements to Officer Brian Felts about marijuana and pressure washers with the intent to get back at the Plaintiff. Mr. Jugo's letter is in stark contrast to a letter dated a few days later by James Parcher (the purported CS) denying giving any information at all to the police. The letter, by James Parcher (the alleged CS) dated August 31, 2004, is then further contradicted by Sharlie Joy LaPlant's (the CS' girlfriend) notarized letter written on the same date which indicates that James Parcher did contact the Plaintiff for Officer Felts and did arrange the meeting at the Green Iguana as stated by Officer Felts in the partial

---

[5] Baker's home address as alleged on page 9-A of the complaint.

report[6] attached to the Complaint. Since the aforementioned items Plaintiff has offered to show that Officer Felts falsified statements in his reports or affidavits are themselves contradictory, the Court will disregard these items because they are not well-pled material allegations.

Plaintiff has also failed to sufficiently allege any actual inconsistencies contained in partial report pages 7 and 8 of agency report number 04-303362 or the two (2) criminal report affidavits which have been attributed to Officer Felts. Notably the actual affidavit to obtain the search warrant for the storage units is not one of the incorporated exhibits to the Complaint. Without the ability to review the actual affidavit and compare it to the documents the Plaintiff has attributed to Officer Felts, the Court would have to speculate about what the affidavit contains in order to determine if any inconsistency has been sufficiently alleged by the Plaintiff. "The Court is not permitted to read into the Complaint facts that are not there." Papasan v. Allain, 478 U.S. 265, 286 (1986). Stripped of irrelevant, inconsistent or contradictory attachments or references, the Complaint is conclusory and cannot withstand a Motion to Dismiss.

## FOURTEENTH AMENDMENT

The Plaintiff alleges that his Complaint shows that there was a violation of his Fourteenth Amendment Due Process rights. However, the law is clear that "[t]here is no substantive due process right to be free from investigation or even prosecution on less than probable cause". Albright v. Oliver, 510 U.S. 266, 268 (1994) Therefore, Officer Felts' motion to dismiss this count will be granted on this issue and dismissed with prejudice.

---

[6] Pages 7 and 8 of 04-303362.

Plaintiff's arguments in his response to the motion to dismiss are not persuasive.

Accordingly, the Court orders:

1. That Defendant Felts' motion to dismiss the Complaint, with prejudice, (Doc. No. 9) is granted.  The Clerk is directed to enter judgment for Defendant Felts and to close this case.

2. The Clerk is directed to terminate any pending motions.

ORDERED at Tampa, Florida, on September 26, 2006.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record

Ronald Baker